PETER HOLTER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Holter v. Commissioner
Docket No. 9399-78.
United States Tax Court
T.C. Memo 1980-447; 1980 Tax Ct. Memo LEXIS 133; 41 T.C.M. (CCH) 144; T.C.M. (RIA) 80447; October 7, 1980, Filed Joel Kachinsky, for the petitioner. Charles W. Kite, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined a deficiency in petitioner's income tax for the taxable year 1975 in the amount of $96. The issue is whether petitioner is taxable on $3,131.61 which he earned as wages or whether such wages are not taxable to him because he performed such services as agent of a communal organization known as "The Farm" which is exempt from Federal income tax under section 501(d), Internal Revenue Code of 1954. [1]
FINDINGS OF FACT Some of the facts have been stipulated. The stipulation *134 of facts and attached exhibits are incorporated by this reference. Petitioner filed his Federal income tax return for the taxable year 1975 with the Director of the Memphis Service Center of the Internal Revenue Service at Memphis, Tennessee. He resided in Summertown, Tennessee when he filed his petition. During 1975 petitioner was a member of "The Farm," a commune exempt from Federal income tax under the provisions of section 501(d) of the Code. He performed services for four employers during the year: Quality Equipment, Inc.; Shockley and Whittington Welding Works; Comet Construction Company, Inc.; and Chromalloy American Corporation. He was directly paid wages aggregating $3,131.61 by virtue of such employment. He obtained such employment through his personal contact with the personnel offices of the four employers. Although other residents of "The Farm" were employed by the four employers, the service of petitioner could not be performed by another resident of the comune without permission of the employer involved. No employment agreement existed between "The Farm" and the four employers. On his income tax return for the taxable year 1975, petitioner reported as *135 income the sum of $107 as his share of the commune income which he received from "The Farm" but he reported no income from wages received from the four employers. The Commissioner, in his statutory notice of deficiency, determined that petitioner was taxable on the wages received from the four employers, aggregating $3,131.61, as reflected on Forms W-2 prepared by those employers. ULTIMATE FINDING OF FACT Wages aggregating $3,131.61 received by petitioner during 1975 from four employers constitute income taxable to him in that year. OPINION Petitioner contends that the commune is a church and his activities of employment were performed as an agent of the church. Petitioner was not called as a witness to testify. His attorney testified and attempted to establish that the church was a commune. He attempted to testify as to petitioner's activities of which he did not have personal knowledge. We sustained respondent's objections to the testimony of petitioner's attorney as to the activities of petitioner. We need not decide whether the commune is a church because petitioner has failed to prove that he was acting for the commune in seeking and performing services for which *136 he was compensated. The evidence before us indicates otherwise. Respondent orally moved for summary judgment at trial because there was no issue of material fact, which motion we granted. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended.↩